```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

DUBOS REFINISHERS, INC.                         CIVIL ACTION

VERSUS                                          NUMBER: 06-10068

ST. PAUL TRAVELERS GROUP, ET AL.                SECTION: "J"(5)
```

### REPORT AND RECOMMENDATION

Presently before the Court is Travelers' motion to dismiss pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (Rec. doc. 20). For the reasons that follow, it is recommended that defendant's motion be granted and that plaintiff's suit be dismissed.

Plaintiff, Dubos Refinishers, Inc., originally filed this Katrina-related insurance dispute in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana, which was subsequently removed to this court on the basis of diversity of citizenship. (Rec. doc. 1). Shortly after the case was removed, the District Judge to whom the case was initially allotted directed the parties to submit memoranda directed to

confirming whether subject matter jurisdiction over this case truly exists.  (Rec. doc. 3). While the defendant timely submitted such a memorandum (rec. doc. 13), plaintiff did not. In the meantime, defendant had also filed a motion for a more definite statement under Rule 12(e) in an attempt to obtain more specific information pertaining to plaintiff's claim and alleged damages.  (Rec. doc. 4).  Plaintiff filed no opposition to defendant's motion for more definite statement.  The day before the scheduled hearing on defendant's motion, the parties reached an agreement whereby plaintiff was to amend its pleadings in the manner prayed for on or before February 2, 2007.  (Rec. doc. 15).  In light of that agreement, defendant's Rule 12(e) motion was deemed to be moot. (Id.).

By this time, the case had been reallotted to the District Judge before whom it is presently pending.  (Rec. doc. 14). Unfortunately, February 2, 2007 came and went without plaintiff amending its pleadings as it had agreed.  That failure prompted defendant to file a second motion for more definite statement. (Rec. doc. 17).  Once again, plaintiff filed no opposition to defendant's motion and on April 25, 2007, the Court granted the motion as unopposed, ordering plaintiff to amend its pleadings on or before May 11, 2007.  (Rec. doc. 19). The order granting defendant's motion specifically cautioned plaintiff that its failure to amend as directed would, upon defendant's motion, result

in the issuance of a Report and Recommendation recommending that its lawsuit be dismissed for failure to prosecute and to comply with the Court's order.  (Id.).  Perhaps not unsurprisingly, plaintiff never amended its pleadings as ordered by the Court. Defendant filed the instant motion to dismiss on May 15, 2007 and noticed same for hearing on May 30, 2007.  (Rec. doc. 20).  No opposition, timely or otherwise, had been filed to that motion, either.[1]/

Rule 12(e) provides, in pertinent part, that if a motion brought under that rule "... is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just."  Rule 41(b) of the Federal Rules of Civil Procedure further provides that a court may, in its own discretion, dismiss an action based on the failure of a plaintiff to prosecute its case or to comply with an order of the court. Hulsey v. State of Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987); Lopez v. Aransas County Independent School District, 570 F.2d 541, 544-45 (5th Cir. 1978). In applying the sanction of dismissal under the latter rule,

---

[1]/ The Court further notes that plaintiff's case has been placed on the call docket.  (Rec. doc. 16).

courts have traditionally considered the extent to which the plaintiff, rather than its counsel, is responsible for the delay or the failure to comply with the court's orders. Markwall v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). As plaintiff is represented by counsel in this matter, the Court must consider counsel's action/inaction alone in considering dismissal of this case under Rule 41(b).

The Court has endeavored to take those steps that were necessary to place plaintiff's case in a proper posture to be litigated to its completion. To that end, the Court ordered plaintiff to amend its pleadings so that defendant would be in a position to meaningfully respond to same. As plaintiff has not amended its pleadings as directed, the Court would be justified in striking its complaint (petition) and dismissing its case. Matthews v. Soc. Sec. of La., 2002 WL 1963323 at *2 (E.D. La. 2002). Moreover, plaintiff's failure to comply with the Court's order directing it to amend its pleading constitutes a violation of Rule 41(b) in and of itself. The Court notes that this case has been fraught with numerous delays and failures on plaintiff's part: in addition to the case being on the call docket, plaintiff failed to file a court-ordered jurisdictional brief, failed to file an opposition to either of defendant's Rule 12(e) motions, failed to honor the agreement it made with the defendant on the first of

4

those motions, failed to abide by the Court's order directing it to amend its pleadings, and failed to file an opposition to the present motion to dismiss.  The Court  is thus left to conclude that plaintiff has no further interest in prosecuting this case. As plaintiff is, as it must be, represented by counsel and there is no evidence that the failures in this case are attributable to plaintiff itself, it will be recommended that defendant's motion be granted and plaintiff's suit be dismissed without prejudice.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed without prejudice pursuant to Rules 12(e) and 41(b) of the Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this <u>  19th  </u> day of <u>      June      </u>, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

5